UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JAMIE A. NAUGHRIGHT,

                        Plaintiff,             10 Civ. 8451

    -against-                                OPINION

DONNA KARAN WEISS, URBAN ZEN, LLC,
STEPHEN M. ROBBINS, JOHN DOES 1-25,

                      Defendants.

------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/11

       Attorneys for Plaintiff

       MIZZONE LAW FIRM, P.A.
       35 E. Grassy Sprain Road
       Yonkers, NY  10710
       By:  John A. Testa, Esq.

       Attorneys for Defendants
       Donna Karan Weiss and Urban Zen, LLC

       GORDON & SILBER, P.C.
       355 Lexington Avenue, 7th Floor
       New York, NY  10017-6603
       By:  Laura E. Rodgers, Esq.

       Attorneys for Defendant
       Stephen M. Robbins

       GOLDSMITH, RICHMAN & HARZ
       747 Third Avenue
       New York, NY  10017
       By:  Howard S. Richman, Esq.

**Sweet, D.J.**


The defendants, Donna Karan Weiss ("Karan") and Urban
Zen, LLC ("Urban Zen") (collectively, the "Karan Defendants"),
and the defendant Stephen M. Robbins ("Robbins") (collectively
with the Karan Defendants, the "Defendants"), have moved
pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure to dismiss the complaint of the plaintiff, Jamie A.
Naughright ("Naughright" or the "Plaintiff").  Based on the
conclusions set forth below, the motions are granted.


**Prior Proceedings**


The diversity complaint of Naughright against the
Defendants was filed on November 8, 2010 (the "Complaint").  It
alleged thirteen causes of action characterized as:  (1) assault
and battery, (2) offensive physical touching, (3) negligent
advice, (4) negligent failure to warn, (5) aiding and abetting
the commission of a tort, (6) recklessness-conspiracy to commit
tort, (7) landowner negligence, (8) fraud, (9) breach of
fiduciary duty, (10) malicious misrepresentation, (11) breach of
contract intended third party beneficiary, (12) intentional
infliction of emotional distress, and (13) negligent infliction
of emotional distress, all arising out of treatment rendered to

1

Naughright by Robbins on November 9, 2009 which is alleged to have resulted in physical injury suffered by Naughright.

The circumstances surrounding the incident are described in paragraphs 8-17 of the Complaint as set forth below:

8.   At all times material to the within causes of action Donna Karan Weiss was [a] business associate and social acquaintance of Jamie A. Naughright.

9.   At all times material to the within causes of action Stephen M. Robbins stated he was 'affiliated' with the UCLA Medical Center, and that he was also associated with the Los Angeles Police Department in some professional capacity involving 'counseling.'

10.   At all times material to the within causes of action Donna Karan Weiss controlled a substantial interest of Urban Zen, LLC.

11.   At all times material to the within causes of action Donna Karan Weiss operated Urban Zen at least in part to exploit market opportunities to achieve financial gain for herself and other investors.

12.   At all times material to the within causes of action at least one aspect of the business strategy used by, for, or on behalf of Donna Karan Weiss was to market Urban Zen as a unique combination of Western and Eastern cultures such to provide a benefit not elsewhere available to the consumer of Urban Zen goods and services.

13.   At all times material to the within causes of action Donna Karan Weiss controlled premises commonly known as 55 Central Park West in the City, County, and State of New York, which she utilized on at least the date of November 8th, 2009 in a mixed

2

purpose use, including but not limited to as a location to promote, advance, accomplish, and conduct the business of Urban Zen, its affiliated and related businesses both directly and indirectly.

14.   At all times material to the within causes of action Donna Karan Weiss, personally, or through Urban Zen, or both, engaged for a fee pursuant to a contract Stephen M. Robbins (or an organization he controlled) to provide 'healing services' to individuals designated as market decision makers, (and others) in at least in part the hope and expectation, that by introducing such individuals to Urban Zen through Stephen M. Robbins the market value of Urban Zen would rise, to the financial benefit of Donna Karen Weiss and others with an investment in Urban Zen, its related and affiliated entities, directly or indirectly.

15.   At all times material to the within causes of action Donna Karan Weiss desired, expected, instructed, and required certain business associates and colleagues, including plaintiff Jamie A. Naughright to use the services of Stephen M. Robbins in the presence of the aforementioned market makers to create, enhance, or perpetuate the appearance that knowledgeable persons, such as plaintiff Jamie A. Naughright, benefitted from services provided by Stephen M. Robbins as promoted, sponsored, and encouraged by Donna Karan Weiss and Urban Zen.

16.   At no time material to the within causes of action was Stephen M. Robbins licensed in the State of New York to provide physical, medical, massage, chiropractic, physical therapy, or health care services of the type and nature performed on November 8th, 2009 upon plaintiff Jamie A. Naughright, or if licensed Stephen M. Robbins did so in a manner not in compliance with minimum professional standards of care and conduct.

17.   At no time material to the within causes of action did Donna Karan Weiss, Urban Zen, Stephen M. Robbins, or any other person disclose to plaintiff Jamie A. Naughright that Stephen M. Robbins was either unlicensed in the State of New York or, if licensed, that the activity he sought to undertake was dangerous

when not practiced by a licensed professional in the
particular field according to professional standards,
or was prohibited by law, by state regulation, (or
both) and in any event that the conduct proposed by
Donna Karen Weiss and to be performed by Stephen M.
Robbins posed a high risk of actual harm, including
severe physical injury.

The Complaint alleges that, as a result of the
Defendants' conduct, including Robbins' alleged twisting
Naughright's head and causing herniation of a cervical disc, the
bilateral fracture of Naughright's mandibular joint, and harm to
the auditory canal, Naughright has come under the care of
multiple medical professionals and has been disabled from
gainful employment and performing the duties and functions of
her occupation. Compl. ¶ 24, 27, 28. The Complaint requests an
unspecified sum of compensatory damages, punitive damages,
attorney's fees and costs, and other relief the Court may deem
proper. The instant motions to dismiss were marked fully
submitted on June 28, 2011.[1]

_____

[1]     On July 11, 2011, Plaintiff's former counsel, Dennis A.
Durkin, has filed a Notice of Attorney Lien pursuant to N.Y.
Judiciary Law § 475. An attorney's recovery under § 475 is
contingent upon his client reaching a favorable outcome, because
the charging lien is a specific attachment to the funds which
constitute the client's recovery. Butler, Fitzgerald & Potter
v. Sequa Corp., 250 F.2d 171, 177 (2d Cir. 2001). An attorney
may bring a § 475 petition "both while the action is pending" or
"in a separate lawsuit." Schneider, Kleinick, Weitz, Damashek &
Shoot v. City of N.Y., 302 A.D.2d 183, 187, 754 N.Y.S.2d 220
(1st Dep't 2002). Mr. Durkin's lien will be adjudicated in the
event Plaintiff recovers property via a judgment or settlement.

4

**The Rule 12(b)(6) Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader.  Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

5

**The First Cause of Action Alleging Assault And Battery Is
Dismissed**

      The First Cause of Action in the complaint is labeled
"Assault and Battery" arising out of the touching of Naughright
by Robbins.  Compl. ¶¶ 19-20, 24.  The Complaint also states
that the Defendants failed to inform Naughright that Robbins was
not a licensed health care provider or that the activity he
sought to perform was prohibited in New York State.  Compl. ¶
21.

      Under New York law,[2] civil assault is the intentional
placing of another person in apprehension of imminent harmful or
offensive contact.  <u>United Nat. Ins., Co. v. Waterfront N.Y.
Realty Corp.</u>, 994 F.2d 105, 108 (2d Cir. 1993); <u>Cohen v. Davis</u>,
926 F. Supp. 399, 402 (S.D.N.Y. 1996); <u>Bastein v. Sotto</u>, 299
A.D.2d 432, 433, 749 N.Y.S.2d 538 (2d Dep't 2002).  Here,
however, Naughright does not allege that she was ever concerned

---

[2]    Naughright is alleged to be a Florida resident, the Karan
Defendants New York residents, Robbins a California resident and
the action giving rise to the Complaint occurred in New York,
thereby making New York law applicable.  See <u>Rosenfeld v.
Basquiat</u>, 78 F.3d 84, 88 (2d Cir. 1996) ("state law supplies the
rules in diversity-of-citizenship cases") (citing <u>Erie R. Co. v.
Tompkins</u>, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188
(1938)).  The parties do not dispute the application of New York
law.

or apprehensive that any act of the Defendants was about to cause her harmful or offensive bodily contact. The Complaint alleges that Naughright consented to receive Robbins' healing services without apprehension or fear because she thought Robbins was a licensed professional. Compl. ¶¶ 9, 14, 15, 16, and 17. If the Plaintiff was not aware of the potential for danger, or apprehensive that imminent offensive contact could occur, there can be no claim for assault. See e.g., Bunker v. Testa, 234 A.D.2d 1004, 1005, 652 N.Y.S.2d 181 (4th Dep't 1996) (no cause of action for assault stated because the actions complained of did not cause the plaintiff imminent apprehension of harmful or offensive contact); Hayes v. Schultz, 150 A.D.2d 522, 541 N.Y.S.2d 115 (2d Dep't 1989) (actions that are discourteous but do not create "imminent apprehension" of "harmful or offensive contact" do not constitute an assault).

The Complaint also fails to state a cognizable claim for battery. To make out a prima facie claim of battery, the plaintiff must establish (1) the defendant made bodily contact, (2) that was harmful or offensive, (3) with intent and (4) without the plaintiff's consent. Siegell v. Herricks Union Free Sch. Dist., 7 A.D.3d 607, 609, 777 N.Y.S.2d 148 (2d Dep't 2004). With respect to the Karan Defendants, Naughright does not claim the Karan Defendants ever made contact with her person. With

7

respect to Robbins, Naughright admits that she consented to the bodily contact made by Robbins at the time the contact was made. See Compl. ¶ 79 (plaintiff Jamie A. Naughright allowed Stephen M. Robbins to touch her person in the bedroom of Donna Karan Weiss at 55 Central Park West, which had been partially converted to resemble a physical therapy room.").

Naughright's claim for battery is based on the theory that her consent was invalid because it was obtained by fraud. Naughright alleges that her consent was not "informed consent" because she was unaware that (1) Robbins was not a licensed health care provider, or (2) Robbins was not licensed to perform the type of services rendered, or (3) the services rendered by Robbins were prohibited by law in the State of New York and as such, (4) she did not have full disclosure of the risks associated with treatment.  See, e.g., Compl., ¶¶ 16, 17, 21, 25.  Where an action is premised on the lack of informed consent of the patient, the claim is actually one of malpractice based on negligence rather than battery.  Meyers v. Epstein, 232 F. Supp. 2d 192, 196 (S.D.N.Y. 2002) ("In cases where the action is premised on the lack of informed consent of the patient, however, the modern view is to treat the claim as a form of malpractice based on negligence rather than one for battery."); see also Twitchell v. MacKay, 78 A.D.2d 125, 129, 434 N.Y.S.2d

516 (4th Dep't 1980) ("While lack of informed consent is a
proper element of a medical malpractice cause of action . . . ,
the failure to obtain such consent should not be used to elevate
the cause of action to one for intentional tort").  Battery is
not the appropriate cause of action for the conduct Plaintiff
alleges.

        Although Plaintiff argues that, if a patient's consent
is obtained by a health care provider's fraud or
misrepresentation, a cause of action for battery is warranted,
Plaintiff cites an Arizona case in support of that proposition.
Pl. Opp. at 6.  Under New York law, a claim for battery will be
upheld if the treatment provider performs a procedure different
from the procedure the plaintiff consented to, or when a patient
had explicitly rejected the procedure that was performed.  See,
e.g., Wiesenthal v. Weinberg, 17 A.D.3d 270, 793 N.Y.S.2d 422
(1st Dep't 2005); Cerilli v. Kezis, 16 A.D.3d 363, 790 N.Y.S.2d
714 (2d Dep't 2005); Cross v. Colen, 6 A.D.3d 306, 775 N.Y.S.2d
307 (1st Dep't 2004); Messina v. Alan Matarasso, 284 A.D.2d 32,
34-35, 729 N.Y.S.2d 4 (1st Dep't 2001).  The Complaint, however,
fails to allege facts that Robbins provided a treatment
different from the procedure Naughright consented to or that she
had explicitly rejected Robbins' treatment.  Allegations that

9

the patient was not provided appropriate information concerning risks gives rise to a claim of negligence, not battery.

In Brown v. Shyne, 242 N.Y. 176, 151 N.E. 197 (1926), the Court of Appeals held that the cause of action remains one of negligence even if the plaintiff was induced into consenting to the treatment by the defendant's misrepresentation that he was properly skilled or licensed. Id. at 178-181. The Court held that while it is true that a practitioner who is not licensed might be said to have committed an offense against the State, there is no private right of recovery. Id. at 181-182. When a person offers to treat another, even when he fraudulently holds himself out as qualified or licensed to give treatment, he must still "meet the professional standards of skill and care prevailing among those who do offer treatment lawfully" and if injury follows through failure to meet those standards, the plaintiff may recover for negligence. Id.; see also, Hendry v. United States, 418 F.2d 774, 784 (2d Cir. 1969) (an unlicensed physician is liable only if he did not use the care and skill that would have been exercised by a qualified licensed practitioner); Rudman v. Bancheri, 260 A.D. 957, 23 N.Y.S.2d 584 (2d Dep't 1940) (although defendant was not a qualified physician, recovery may be had only if defendant's treatment of the plaintiff fell short of the standard of care).

10

The allegations of the Complaint that Naughright
sustained injuries because Robbins performed services "in a
manner not in compliance with the minimum professional standards
of care and conduct," Compl. ¶¶ 16, 17, 91, further indicate
that her claim is one of negligence.  See Meyers, 232 F. Supp.
2d at 199 (the plaintiff's reliance on "standard of care"
language makes clear that their claim is essentially one of
malpractice).

Because the Complaint alleges that Naughright
consented to receive Robbins' treatment without any apprehension
or fear of imminent harmful or offensive body contact,
Naughright's assault claim is dismissed.  The Plaintiff's
battery claim is also dismissed, as Naughright's allegations are
more appropriately styled as an action for malpractice, sounding
in negligence rather than intentional tort.

**The Second Cause Of Action Alleging Offensive Physical Touching
Is Dismissed**

The Second Cause of Action is labeled "Offensive
Physical Touching."  The allegations supporting this cause of

11

action repeat in essence the prior allegations, including
Naughright's lack of informed consent.

The Defendants have contended that the Second Cause of
Action is a repetition of the assault and battery claim.  While
the Plaintiff's opposition concedes that both the First and
Second Cause of Action can be "characterized as battery or
offensive touching," Pl. Opp. at 9, the Plaintiff argues that
the two counts are different, stating that a battery count
describes a situation where the recipient of treatment gives no
consent or the treatment is outside the scope of consent, while
an informed consent violation represents a violation of N.Y.
Pub. Health Law § 2805-d and occurs when the treatment provider
obtains consent without giving the patient appropriate
information concerning risks and alternatives.  Pl. Opp. at 8;
see also Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. &
Med. Ctr., 425 F.3d 126, 134 (2d Cir. 2005) ("[A] completely
unpermitted touching by a medical practitioner of a patient is a
battery as distinct from a Section 2805-d claim.").

As described above, Plaintiff has not pled sufficient
facts to establish battery.  With respect to a claim alleging a
failure to obtain informed consent, a plaintiff must show "the
failure of the person providing the professional treatment or

12

diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation." N.Y. Pub. Health Law § 2805-d; see also Pagan v. State of N.Y., 124 Misc.2d 366, 367, 476 N.Y.S.2d 468 (N.Y. Ct. Cl. 1984) ("[L]ack of an informed consent contains unique elements which must be proven at trial."). A claim for informed consent cannot arise out of mere allegations of negligence. See Jolly v. Russell, 203 A.D.2d 527, 528, 611 N.Y.S.2d 232 (2d Dep't 1994) ("It is well settled that lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence.").

Regardless of whether the Second Cause of Action is interpreted as duplicative of the First Cause of Action or as a separate cause of action arising out of N.Y. Pub Health Law § 2805-d, the Complaint fails to allege sufficient facts necessary to state a claim for relief. Accordingly the Second Cause of Action is dismissed.

**The Third Cause Of Action Alleging Negligent Advice Is Dismissed**

The Third Cause of Action is labeled "Negligent Advice."   The count speaks in terms of a breach of duty not to make false statements, Compl. ¶ 41-43, Naughright's reliance on those false statements, Compl. ¶44, which resulted in harm to Naughright, Compl. ¶ 47.   The Defendants have characterized this count as negligent misrepresentation.   However the cause is characterized, the essential element is a duty which the Complaint fails to allege adequately.

The elements of negligent misrepresentation are that (1) the defendant had a duty as a result of a special relationship to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the defendant knew that the plaintiff desired the information for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.   Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000).   Moreover, "[n]egligent misrepresentation is a type of fraud and, as such, is subject to Rule 9(b)'s heightened pleading standard." Maalouf v. Salomon Smith Barney, Inc., No. 02 Civ. 4770(SAS), 2003 WL 1858153, at *4 (S.D.N.Y. Apr. 10, 2003) (citing Simon v. Castello, 172 F.R.D. 103, 105 (S.D.N.Y. 1997).

14

As an initial matter, the Plaintiff has failed to plead a duty arising out of a special relationship with either the Karan Defendants or Robbins. Under New York law, a plaintiff may not recover for negligent misrepresentation unless "the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all. . ." Durante Bros. & Sons, Inc. v. Flushing Nat. Bank, 755 F.2d 239, 252 (2d Cir. 1985) (citing White v. Guarente, 43 N.Y.2d 356, 362-63, 372 N.E.2d 375, 401 N.Y.S.2d 474 (1977)). To allege a special relationship, Naughright must establish something beyond an ordinary arm's length transaction where "defendants initiated contact with plaintiffs, induced them to forbear from performing their due diligence, and repeatedly vouched for the veracity of the allegedly deceptive information." Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co., 375 F.3d 168, 188 (2d Cir. 2004); see also Dandong v. Pinnacle Performance Ltd., No. 10 Civ. 8086(LBS), 2011 WL 5170293, at *15 (S.D.N.Y. Oct. 31, 2011). The Complaint describes Naughright and Karan as "business associates" and "social acquaintances." Compl. ¶ 8. There are no allegations that Naughright and Robbins had any relationship prior to their encounter at 55 Central Park West on November 8, 2009. While "determination of whether a special relationship exists is highly fact specific and generally not susceptible to resolution at the pleadings stage," Century Pac.,

15

Inc. v. Hilton Hotels Corp., No. 03 Civ. 8258(SAS), 2004 WL 868211, at *8 (S.D.N.Y. Apr. 21, 2004), the Complaint has alleged no facts upon which to base the existence of a special relationship between Naughright and the Defendants.

"[L]iability for negligent misrepresentation [is] imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." Kimmell v. Schaefer, 89 N.Y.2d 257, 263, 675 N.E.2d 450 (1996). Although the Complaint does allege that "Donna Karan Weiss through Urban Zen, and Stephen M. Robbins purported to possess a unique and particular skill which provided to them a special, superior, or particular competency to offer the advice and opinion concerning health care to Jamie A. Naughright," Compl. ¶ 42, the Complaint provides no factual support for this contention. Courts are free to disregard legal conclusions, deductions or opinions couched as factual allegations. Secs. Investor Protection Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 309 (Bankr. S.D.N.Y. 1999); 5A C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 311-18 (2d ed. 1990). The allegations that Naughright and Karan were "business associates" and "social acquaintances," or that

16

the Defendants purported to possess a non-specified "unique and particular skill which provided to them a special, superior, or particular competency to offer the advice and opinion concerning health care ..." are insufficient allegations to define a special relationship necessary to impose a duty.

Furthermore, Naughright has failed to plead her claims with sufficient specificity.  As described above, since negligent misrepresentation is a type of fraud, it is subject to Rule 9(b)'s heightened pleading standard.  Maalouf, 2003 WL 1858153, at *4.  Under Rule 9(b), the circumstances constituting the alleged wrong must also be stated with particularity.  Fed. R. Civ. P. 9(b).  "To satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when a where the statements were made, and identify those responsible for the statements." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) (citing Goldman v. Belden, 754 F.2d 1059, 1069-70 (2d Cir. 1985); see also Mills, 12 F.3d at 1175.  When a claim is brought against multiple defendants, Rule 9(b) requires that a plaintiff differentiate his allegations as to each defendant and inform each defendant

17

separately of the specific allegations.  See, In re Crude Oil
Commodity Litig., No. 06 Civ. 6677(NRB), 2007 WL 1946553, at *6
(S.D.N.Y. June 28, 2007) ("In situations where multiple
defendants are alleged to have committed fraud, the complaint
must specifically allege the fraud perpetrated by each
defendant, and 'lumping' all defendants together fails to
satisfy the particularity requirement"); Merrill Lynch, Pierce,
Fenner & Smith, v. Young, No. 91 Civ. 2923 (CSH), 1994 WL 88129,
at *7 (S.D.N.Y. Mar. 15, 1994) ("Sweeping references to the
collective fraudulent actions of multiple defendants will not
satisfy the particularity requirements of Rule 9(b)").


        In describing the Third Cause of Action, as well as
throughout the rest of the Complaint, the Plaintiff describes
her allegations in generalized terms.  For example, in the Third
Cause of Action, Naughright alleges that "Donna Karan Weiss
through Urban Zen, and Stephen M. Robbins purported to possess a
unique and particular skill which provided to them a special,
superior, or particular competency to offer the advice and
opinion concerning health care to Jamie A. Naughright" and that
"Donna Karan Weiss through Urban Zen and Stephen M. Robbins
intended and desired that Jamie A. Naughright rely upon them,
their statements, opinion, and advice concerning her health

care."  Compl. ¶¶ 42, 44.  Rather than attribute specific false statements and/or material omissions to specific individual defendants, the Complaint alleges that multiple defendants made misrepresentations about the general subject matter of Robbins' licensing.  These unspecified allegations do not satisfy Rule 9(b).

In her opposition, the Plaintiff disputes the characterization of her "negligent advice" claim as one alleging "negligent misrepresentation," instead arguing that the Third Cause of Action is "a claim for negligent advice by one who has assumed a duty to give such advice because they held themselves out to have a 'special, superior, or particular competency to offer the advice or opinion concerning health care' to Jamie." Pl. Opp. at 14.  Naughright contends that negligent advice "is the foundation of many claims in medical malpractice ... legal malpractice ... accountant malpractice ... it can even be the basis of a claim against an auto mechanic."  Pl. Opp. at 15. However, the "negligent advice" cases Plaintiff identifies are malpractice actions, and, under New York law, "[a] claim of professional malpractice requires proof that there was a departure from accepted standards of practice and that the departure was a proximate cause of the injury."  Talon Air

19

Servs. LLC v. CMA Design Studio, P.C., 86 A.D.3d 511, 515, 927
N.Y.S.2d 643 (1st Dep't 2011).  The Complaint presents no facts
upon which to base a professional malpractice claim against the
Karan Defendants, and the Complaint fails to allege Robbins'
conduct to have deviated from the applicable standard of care.

Because the Complaint fails to establish a duty and
fails to allege misrepresentation with sufficient particularity,
the Third Cause of Action is dismissed with respect to all
Defendants.

## The Fourth Cause Of Action Alleging Failure To Warn Is Dismissed

The Fourth Cause of Action is labeled "Negligence -
Failure to Warn," and it asserts a duty on the part of all
Defendants to warn Naughright of their knowledge that Robbins
was "a fraud, charlatan, fake, and quack."  Compl. ¶ 50.  The
Defendants argue that the Fourth Cause of Action is redundant in
light of the Seventh Cause of Action labeled "Negligence."
However, the Seventh Cause of Action appears primarily to
describe the negligence of a landowner concerning an activity
that occurs on the premises and, as such, represents a different
claim.

20

Assuming the Karan Defendants had knowledge that Robbins "was a fraud, charlatan, fake, and quack," a duty to disclose ordinarily arises where the parties are in a fiduciary or other relationship signifying a heightened level of trust. Remington Rand Corp. v. Amsterdam-Rotterdam Bank, 68 F.3d 1478, 1483 (2d Cir. 1995). A duty to disclose may also arise if one party makes a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party or one party possesses superior knowledge not readily available to the other and knows that the other is acting on the basis of mistaken knowledge. Id. at 1484. As described both above and below, in addressing the Third and Ninth Causes of Action, Naughright has failed to establish the existence of a fiduciary or other special relationship between herself and the Karan Defendants. Additionally, the Complaint is devoid of any facts alleging a partial or ambiguous statement on the part of the Karan Defendants.

The Complaint appears to largely base its assertion of a duty on the fact that the Karan Defendants allegedly possessed knowledge of Robbins' inadequate qualifications. It is true that in limited circumstances, "superior knowledge" can impose a duty to disclose but only in instances where a party (1) has

21

superior knowledge, (2) that is not available to the other party

by reasonable inquiry, and (3) the first party knows that the

second party is acting on the basis of mistaken knowledge.

Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 582

(2d Cir. 2005); see also Jana L. v. West 129th Street Realty

Corp., 22 A.D.3d 274, 278, 802 N.Y.S.2d 132 (1st Dep't 2005)

(holding that the "special facts" doctrine requires that the

information be "peculiarly within the knowledge" of the

defendant and not discoverable by the plaintiff through the

"exercise of ordinary intelligence").  The Complaint has not

alleged any facts by which it could be considered plausible that

the Karan Defendants were in possession of superior knowledge

concerning Robbins' qualifications, or that this knowledge was

not available to Naughright upon reasonable inquiry.


     In opposition, the Plaintiff contends that Karan had

power to exert authority over the Plaintiff and to instruct her

to undergo Robbins' treatment, Pl. Opp. at 17.  Naughright's

opposition also asserts that "Karan, indeed, was Jamie's

business superior, with power to give her orders to be followed

[and] that Karan could 'instruct and require' Jamie . . . to

submit to Robbins' services." Pl. Opp. at 13.  The Complaint,

however, does not allege an employment relationship, and the

Court's analysis on a motion to dismiss is confined to "the

allegations contained within the four corners of the complaint."
Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir.
1998).

     With respect to Robbins, the Complaint also fails to
allege sufficient facts to establish negligence.  Naughright's
Fourth Cause of Act focuses on the failure of the Defendants,
including Robbins, to disclose Robbins' deficient qualifications
notwithstanding their knowledge of his inadequate abilities.
However, Robbins had no duty to disclose his qualifications, as
New York courts have held that "informed consent does not
require disclosure of the qualifications of personnel providing
the professional treatment."  Cipriano v. Ho, 29 Misc. 3d 952,
955, 908 N.Y.S.2d 552 (N.Y. Sup. Ct. 2010); see also Johnson v.
Jacobowitz, 65 A.D.3d 610, 614, 884 N.Y.S.2d 158 (2d Dep't
2009); Abram v. Children's Hosp. of Buffalo, 151 A.D.2d 972,
972, 542 N.Y.S.2d 418 (4th Dep't 1989); Zimmerman v. N.Y. City
Health & Hosps. Corp., 91 A.D.2d 290, 291, 458 N.Y.S.2d 552 (1st
Dep't 1983); Henry v. Bronx Lebanon Med. Ctr., 53 A.D.2d 476,
481, 385 N.Y.S.2d 772 (1st Dep't 1976).  As such, the Complaint,
which alleges only that Robbins had a duty to disclose his
qualifications, fails to state a valid cause of action.

For failure to allege adequately the requisite duty, the Fourth Cause of Action is dismissed.

## The Fifth Cause of Action Alleging Aiding And Abetting The Commission Of A Tort Is Dismissed

The Fifth Cause of Action is labeled "Aiding and Abetting the Commission of a Tort." The tort alleged is "battery, an assault, an unprivileged touching, an offensive touching, other tort or some combination thereof." Compl. ¶ 58.

Naughright has narrowed this cause of action to include only aiding and abetting battery. Pl. Opp. at 21. "New York specifically recognizes a cause of action for aiding and abetting an assault and battery. The elements of aiding and abetting are (1) a wrongful act producing an injury; (2) the defendant's awareness of a role as a part of an overall illegal or tortious activity at the time he provides the assistance; and (3) the defendant's knowing and substantial assistance in the principal violation." Scollo v. Nunez, 11 Misc.3d 1118(a), 847 N.Y.S.2d 899 (N.Y. Sup. Ct. 2007) (citing Steinberg v. Goldstein, 27 A.D.2d 955, 956, 279 N.Y.S.2d 240 (2d Dep't 1967). Here, as held above, a cognizable cause of action for battery has not been pled. Accordingly, Naughright's cause of action

24

for aiding and abetting battery must be dismissed because "such a claim stands or falls with the underlying tort." Hebrew Inst. for Deaf & Exceptional Children v. Kahana, 57 A.D.3d 734, 735, 870 N.Y.S.2d 85 (2d Dep't 2008); Salvatore v. Kumar, 45 A.D.3d 560, 563-64, 845 N.Y.S.2d 384 (2d Dep't 2007).

## The Sixth Cause Of Action Alleging Conspiracy To Commit Tort Is Dismissed

The Sixth Cause of Action is labeled "Recklessness– Conspiracy to Commit Tort." The conspiracy is alleged to be for the purpose of committing a tort upon Naughright. Compl. ¶ 66.

A claim of conspiracy does not constitute a substantive tort and may be alleged only to connect a defendant to an otherwise actionable tort. Monsanto v. Elec. Data Sys. Corp., 141 A.D.2d 514, 515, 529 N.Y.S.2d 512 (2d Dep't 1988). As described in this opinion, Naughright has failed to properly plead the existence of any actionable tort on the part of any of the Defendants. As such, the claim for conspiracy must be dismissed.

Additionally, where a plaintiff alleges that all defendants are primarily liable for the underlying torts, then

25

separate claims of conspiracy to commit said tort are redundant and must be dismissed as a matter of law.  See In re Food Mgmt. Grp., LLC, 380 B.R. 677, 704 (Bankr. S.D.N.Y. 2008); Am. Baptist Churches of Metropolitan N.Y. v. Galloway, 271 A.D.2d 92, 101, 710 N.Y.S.2d 12 (1st Dep't 2000).  Accordingly, because Naughright has alleged that all Defendants are primarily liable for the underlying actions alleged in the Complaint, she cannot also allege a separate cause of action for conspiracy.

## The Seventh Cause Of Action Alleging Landowner Negligence Is Dismissed

The Seventh Cause of Action is labeled "Negligence" and focuses on the duty of Karan as the owner of the premises where Robbins performed the services which injured Naughright. Compl. ¶¶ 72, 79.

A landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to third parties, the potential seriousness of the injury and the burden of avoiding the risk.  Basso v. Miller, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564 (1976).  "In order to recover damages for an alleged breach of this duty, the plaintiff must first demonstrate that the

defendant created or had actual or constructive notice of the
hazardous condition which precipitated the injury . . . [and]
that the defendant's negligence was a proximate cause of the
injuries." Boderick v. R.Y. Mgmt. Co., Inc., 71 A.D.3d 144,
147, 897 N.Y.S.2d 1 (1st Dep't 2009). To constitute
constructive notice, a dangerous condition must be visible and
apparent, and it must exist for a sufficient length of time
prior to the accident to permit the defendant to discover and
remedy the condition. See Gordon v. Am. Museum of Nat. History,
67 N.Y.2d 836, 837, 501 N.Y.S.2d 646 (1986); Lemonda v. Sutton,
268 A.D.2d 383, 384, 702 N.Y.S.2d 275 (1st Dep't 2000).


        The Complaint fails to allege facts establishing Karan
to have actual or constructive notice of a dangerous condition
on her property. Naughright alleges that "Donna Karan Weiss
knew, or in the exercise of reasonable [sic] should have known
Stephen M. Robbins was either not a licensed health care
provider, or in the alternative was not licensed to perform the
type of care to be performed on November 8th upon the person of
Jamie A. Naughright, or was prohibited by law, by state
regulation, (or both) and in any event that the conduct proposed
by Donna Karan Weiss and to be performed by Stephen M. Robbins
posed a high risk of actual harm, including severe physical
injury." Compl. ¶ 75. The Complaint's allegations concerning

27

notice are conclusory, as no facts are provided in support how
Karan knew Robbins' "healing services" to be dangerous.  The
Court is "not bound to accept as true a legal conclusion couched
as a factual allegation."  Iqbal, 129 S.Ct. at 1950.

Additionally, it should be noted that Naughright's
allegation that Karan knew Robbins to be unlicensed is largely
irrelevant in establishing her negligence.  In Brown v. Shyne,
the New York Court of Appeals held that the mere failure to have
a license when rendering medical treatment is not a proximate
cause of the injuries.  242 N.Y. 176, 182 (1926).  Instead,
proximate cause can be found only where the defendant failed to
render treatment within the relevant standard of care.  Id.  The
Complaint alleges that the Plaintiff's injuries were caused by
Robbins "violently and repeatedly twist[ing] her head and neck."
Compl. ¶¶ 24, 35.  The Complaint does not suggest that Robbins'
would have rendered different "healing services" had he been
licensed.  Brown, 242 N.Y. at 180 ("injury may have been caused
by lack of skill or care; it would not have been obviated if the
defendant had possessed a license yet failed to exercise the
skill and care required of one practicing medicine"); see also
Hendry v. United States, 418 F.2d 774, 784 (2d Cir. 1969)
("[U]nder New York law it is not malpractice per se to practice
medicine without a license.  An unlicensed physician is liable

28

for malpractice and negligence only if he did not exercise the care and skill that would have been exercised by a qualified licensed practitioner."). The Plaintiff has also compared Karan to an owner of a spa that offered Robbins' "healing services" to customers, Pl. Opp. at 20, and that Karan, as the spa owner, had a duty to warn her that Robbins' was not licensed because of the underlying duty "to take due care in the activities she allows to occur on her property," Pl. Opp. at 18. However, as set forth above, rendering services without the proper state license does not, by itself, provide the plaintiff with a private right of action. Brown, 242 N.Y. at 180.

Because the Complaint fails to allege facts establishing Karan to have created the risk or have had constructive notice of the risk, and because enlisting the services of an unlicensed professional is, by itself, insufficient to establish proximate causation, the Seventh Cause of Action is dismissed with respect to Karan. This count is also dismissed with respect to Defendants Urban Zen and Robbins on account of the Complaint's failure to allege any facts identifying them as negligent.

**The Eighth Cause Of Action Alleging Fraud Is Dismissed**

29

The Eighth Cause of Action is labeled "Fraud" and is based upon alleged false statements made concerning Robbins' affiliations with the UCLA Medical Center and the Los Angeles Police Department. Compl. ¶ 92. The Complaint enumerates specific statements allegedly made to Naughright, including: "I [Robbins] am affiliated [or associated] with UCLA Medical Center;" "I [Robbins] am affiliated [or associated] with the Los Angeles Police Department;" "Your breast is dead;" "I [Robbins] can cure you;" and "You need to be cured." Compl. ¶ 92. The Complaint alleges that at the time these statements were made, the Defendants knew, or in the exercise of reasonable care should have known, these statements were false. Compl. ¶ 93. Furthermore, the Defendants allegedly concealed the truth from Naughright with the hope that she would rely on these misleading statements, and the Plaintiff ultimately did rely on these statements. Compl. ¶ 94.

Under New York law, "[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." Lerner v. Fleet Bank, NA., 459 F.3d 273, 291 (2d Cir. 2006) (citing Kaufman v. Cohen, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157

(1st Dep't 2003).  A claim sounding in fraud is required to comport with the requirements of Fed. R. Civ. P. 9(b).  Campbell v. Mark Hotel Sponsor, LLC, No. 09 Civ. 9644(WHP), 2010 WL 3466020, at *4 (S.D.N.Y. Sept. 3, 2010); Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.P.A., 244 F.R.D. 204, 213 (S.D.N.Y. 2007).  As described above, Rule 9(b) requires that a complaint alleging a fraud claim "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting Mills, 12 F.3d at 1175).


    With respect to the Karan Defendants, the fraud count fails to comply with the requirements of Rule 9(b).  In the Complaint, the Plaintiff describes how, "At all times material to the within causes of action, defendants, each of them and all of them collectively and individually communicated knowingly false, misleading, deceptive, and otherwise untrue statements to plaintiff . . . ."  Compl. ¶ 92.  As described above, Rule 9(b) is not satisfied where the Complaint lumps several defendants together and fails to specify what each defendant said.  In re Crude Oil Commodity Litig., 2007 WL 1946553, at *6; Young, 1994

31

WL 88129, at *7; see also <u>Alnwick v. European Micro Holdings,</u>
<u>Inc.</u>, 281 F. Supp.2d 629, 640 (E.D.N.Y. 2003). There are no
specific allegations describing which statements the Karan
Defendants allegedly made, where they were made, when they were
made or why they were fraudulent. In her opposition papers,
Naughright appears to concede that the Complaint's fraud count
with respect to the Karan Defendants is insufficient. See Pl.
Opp. at 10 ("Thus, the allegations of fraud as against Robbins
are clearly stated with specificity.").


        With respect to Robbins, the Complaint is more
specific. In the Complaint, the Plaintiff attributes three
somewhat specific statements to Robbins, i.e., "I [Stephen M.
Robbins] am affiliated [or associated] with UCLA Medical
Center," "I [Stephen M. Robbins] am affiliated [or associated]
with the Los Angeles Police Department," and "I [Stephen M.
Robbins] can cure you." Compl. ¶ 92. Although these
allegations provide specific statements as well as the identity
of the speaker, the Complaint fails to state where and when the
statements were made or provide an explanation as to why the
statements were fraudulent. Without this specific information,
the Plaintiff's fraud claim against Robbins cannot survive.

Because, the Complaint fails to fulfill the requirements of Rule 9(b), the fraud count, with respect to both the Karan Defendants and Robbins, is dismissed.

**The Ninth Cause Of Action Alleging Breach Of Fiduciary Duty Is Dismissed**

The Ninth Cause of Action is labeled "Breach of Fiduciary Duty to Business Associate."  The Complaint alleges a "mutual agency" between Karan and Naughright creating a duty which was breached by false factual statements upon which Naughright relied.  Compl. ¶¶ 99-102.

Initially, it should be noted that "Rule 9(b)'s heightened pleadings standards apply to breach of fiduciary claims where the breach is premised on the defendants' fraudulent conduct ... such as an attempt to induce action or inaction on the part of the [plaintiff] by means of falsehoods or material omissions." Henneberry v. Sumitomo Corp. of Am., 532 F. Supp. 2d 523, 555 (S.D.N.Y. 2007) (internal citations omitted); see also Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 448 n.28 (S.D.N.Y. 2007).

"[I]n order to survive a motion to dismiss, the
Plaintiff must set forth specific facts constituting the alleged
relationship with sufficient particularity to enable the Court
to determine whether, if true, such facts could give rise to a
fiduciary relationship." World Wrestling Entm't, Inc. v. Jakks
Pac., Inc., 530 F. Supp. 2d 486, 504 (S.D.N.Y. 2007).  A
fiduciary relationship arises "between two persons when one of
them is under a duty to act for or to give advice for the
benefit of another upon matters within the scope of the
relation.  Put differently, a fiduciary relation exists when
confidence is reposed on one side and there is resulting
superiority and influence on the other." Eurycleia Partners, LP
v. Seward & Kissel, LLP, 12 N.Y.3d 553, 561, 883 N.Y.S.2d 147
(2009) (internal citations omitted).  Such a relationship must
have arisen before the transaction complained of, and it cannot
be formed merely by a plaintiff's subjective decision to repose
trust in the defendant.  See SNS Bank, N.V. v. Citibank, N.A., 7
A.D.3d 352, 355-56, 777 N.Y.S.2d 62 (1st Dep't 2004).

        The only facts the Complaint provides describing the
alleged relationship between Karan and the Plaintiff are that
they were "business associates" and "social acquaintances,"
Compl. ¶ 8, and that "[a]t all times material to the within
causes of action there was a mutual agency between Donna Karan

34

Weiss and Jamie A. Naughright."  Compl. ¶ 99.  Under New York
law, mutual agency, or "a partnership-in-fact," may be
established if "the parties have so joined their property,
interests, skills and risks that, for the purpose of the
particular adventure, their respective contributions have become
as one and the commingled property and interests of the parties
have thereby been made subject to each of the associates on the
trust and inducement that each would act for their joint
benefit."  Rivkin v. Coleman, 978 F. Supp. 539, 542 (S.D.N.Y.
1997) (citing Steinbeck v. Gerosa, 4 N.Y.2d 302, 317, 175
N.Y.S.2d 1 (1958)).  The indicia of partnership include: (1)
sharing losses; (2) joint management and control; (3) ownership
of partnership assets; (4) contribution of capital; and (5)
sharing profits.  Rivkin, 978 F. Supp. at 542; see also,
Blaustein v. Lazar Borck & Mensch, 161 A.D.2d 507, 508, 555
N.Y.S.2d 776 (1st Dep't 1990).  Here, however, the Complaint
does not contain allegations which show the existence of a
partnership between the Plaintiff and the Karan Defendants.

        In opposition, Naughright contends that these facts
alone make it "clear enough" that Karan was "Jamie' [sic] close
business associate, a person with whom she was in a special
relationship of trust as part of that business association."
Pl. Opp. at 14.  The Plaintiff also argues that mutual agency

was sufficiently pled because the phrase "mutual agency" was
used in the Complaint and because "[s]uch an agency gives rise
to a fiduciary duty under New York law." Pl. Opp. at 13-14.
However, the Complaint fails to set forth any facts constituting
the alleged relationship with Karan with any particularity, and
as such, the cause of action for breach of fiduciary duty will
be dismissed. See World Wrestling Entm't, Inc., 530 F. Supp. 2d
at 504 ("the Court is not required to credit mere legal
conclusions that are dressed up as factual allegations that a
defendant was in a fiduciary relationship with a plaintiff");
Sec. Investor Protection Corp., 234 B.R. at 309 (Bankr. S.D.N.Y.
1999) ("courts are free to disregard legal conclusions,
deductions or opinions couched as factual allegations").


          In her opposition, the Plaintiff provides additional
details including that "Karan, indeed, was Jamie's business
superior, with power to give her orders to be followed. Thus it
was that Karan could 'instruct and require' Jamie . . . to
submit to Robbins' services." Pl. Opp. at 13. An employment
relationship, by itself, is insufficient to establish a
fiduciary relationship. See Argent Elec., Inc. v. Cooper
Lighting, Inc., No. 03 Civ. 9794(RMB), 2005 WL 2105591, at *9
(S.D.N.Y. Aug. 31, 2005) ("The fact that Plaintiff and Defendant
simply 'worked together' is insufficient to establish a

relationship of a 'mutual and confidential nature.'"); Lind v.
Vanguard Offset Printers, Inc., 857 F. Supp. 1060, 1067
(S.D.N.Y. 1994) ("[U]nder New York law, an employer-employee
relationship is not fiduciary in nature.").

Because of the failure to allege adequately a
fiduciary duty on the part of the Karan Defendants, the Ninth
Cause of Action against the Karan Defendants is dismissed.  The
breach of fiduciary duty count is also dismissed with respect to
Robbins on account of the Complaint's failure to assert any
facts alleging a fiduciary relationship between Naughright and
Robbins.

**The Tenth Cause Of Action Alleging Malicious Misrepresentation
Is Dismissed**

The Tenth Cause of action is labeled "Malicious
Misrepresentation – Deceit."  The Complaint repeats its prior
allegations with respect to representations, reliance and
injury, Compl. ¶¶ 106-108, 110, and adds an allegation of
malicious intent, Compl. ¶ 109.

The Plaintiff has cited no authority in its opposition
to support a separate cause of action of malicious

37

misrepresentation.  As described above, the Complaint has failed
to plead the requisite elements for negligent misrepresentation
or for fraud.  Any claim for misrepresentation appears to be
duplicative of these counts and is dismissed with respect to
both the Karan Defendants and Robbins.


**The Eleventh Cause Of Action Alleging Breach of Contract Is
Dismissed**


        The Eleventh Cause of Action is labeled "Breach of
Contract Intended Third Party Beneficiary."  The Complaint
alleges that Naughright was a third party beneficiary of a
contract between Robbins and Karan through Urban Zen, Compl. ¶
113, and that the Defendants violated their obligation to act in
good faith and discharge the contract honestly both as between
themselves and as to Naughright, Compl. ¶ 114.  Naughright
alleges that the Karan Defendants "engaged for a fee pursuant to
a contract" with Robbins "to provide 'healing services' to
individuals designated as market decisions makers, (and others)
.... "  Compl. ¶ 14.  As discussed below, Naughright has not
adequately alleged third party beneficiary status.


        In order to allege that she was an intended third-
party beneficiary of a contract, the Plaintiff must demonstrate:

38

"(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." Mayo v. County of Albany, 357 Fed. Appx. 339, 343 (2d Cir. 2009) (citing State of Cal. Pub. Employees Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-35, 718 N.Y.S.2d 256 (2000)).

While the Complaint describes a contract between the Karan Defendants and Robbins, there is nothing to suggest that the Karan Defendants retained Robbins for Naughright's benefit. Under New York law, a person is regarded as an intended (third-party) beneficiary if "(1) performance of the underlying promise will satisfy an obligation of the promise to pay money to the beneficiary, or (2) the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." Hagemann v. Molinari, 14 F. Supp. 2d 277, 286 (E.D.N.Y. 1998), quoting N.Y. Juris. 2d, Contracts § 304 at 390 (1996); see also, Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc., 66 N.Y.2d 38, 44, 495 N.Y.S.2d 1 (1985). The Complaint expressly states that the purpose of the contract was to heighten interest in Urban Zen, thereby benefiting the Karan Defendants.  See Compl. ¶ 14 (the alleged contract was for

39

Robbins "to provide 'healing services' to individuals designated
as market decisions makers, (and others) in at least in part the
hope and expectation, that by introducing such individuals to
Urban Zen through Stephen M. Robbins the market value of Urban
Zen would rise, to the financial benefit of Donna Karan Weiss
and others with an investment in Urban Zen . . . ").  Because
the Complaint provides no indication that the contracting
parties entered into the agreement for the benefit of the
Plaintiff, the Plaintiff is unable to prove that she was an
intended third-party beneficiary to any such agreement.  See
State of Cal. Pub. Employees Ret. Sys., 95 N.Y.2d at 435
(rejecting plaintiff CalPERS' third-party beneficiary claim
relating to a contract between Equitable and Shearman & Sterling
because, inter alia, "contrary to CalPERS' assertion, Equitable
did not retain Shearman & Sterling for CalPERS' benefit.").

        Under the facts alleged, Naughright could only be
considered an incidental beneficiary to the contract.  Because
the Complaint fails to present facts establishing that the
contract between the Karan Defendants and Robbins was intended
for the Plaintiff's benefit, the Plaintiff's Eleventh Cause of
Action is dismissed.

**The Twelfth and Thirteenth Causes of Action Alleging Intentional and Negligent Infliction Of Emotional Distress**

The Twelfth Cause of Action is labeled "Intentional Infliction of Emotional Distress."  The Complaint alleges that the Defendants' knew or should have known that their conduct would cause the Plaintiff emotional distress, Compl. ¶ 121, and that certain of the Defendants' representatives have made disparaging comments concerning the Plaintiff, thereby adding to her distress, Compl. ¶ 123.  The Thirteenth Cause of Action is labeled "Negligent Infliction of Emotional Distress," and the Complaint alleges that the Defendants should have known that the Plaintiff would suffer severe emotional distress from the conduct alleged.  Compl. ¶ 125.

A cause of action for either intentional or negligent infliction of emotional distress must allege that the defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Sheila C. v. Povich, 11 A.D.3d 120, 130-131, 781 N.Y.S.2d 342 (1st Dep't 2004) (quoting Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232 (1983)).  "Such extreme and outrageous conduct must

41

be clearly alleged in order for the complaint to survive a
motion to dismiss." Sheila C., 11 A.D.3d at 131 (citing Dillon
v. City of N.Y., 261 A.D.2d 34, 41, 704 N.Y.S.2d 1 (1st Dep't
1999). To support a claim for intentional infliction, the
Complaint must also allege (1) that the defendant intended to
cause, or disregarded a substantial probability of causing,
severe emotional distress and (2) a causal relationship between
the conduct and the injury. Howell v. N.Y. Post Co., Inc., 81
N.Y.2d 115, 121, 596 N.Y.S.2d 350 (1993); see also Wahlstrom v.
Metro-North Commuter R.R. Co., 89 F. Supp. 2d 506, 529 (S.D.N.Y.
2000). To support a claim for negligent infliction, the
plaintiff must plead a breach of a duty owed to the plaintiff
which either unreasonably endangers, or causes the plaintiff to
fear for the plaintiff's safety. Sheila C, 11 A.D.3d at 130.

According to the Complaint, Karan engaged Robbins to
provide "healing services" to "market decision makers" such as
Naughright with the hope that, by introducing such individuals
to Urban Zen through Robbins, the market value of Urban Zen
would rise to the financial benefit of Karan and other
investors. Compl. ¶ 14. The Karan Defendants' alleged desire
to show off Robbins' healing services to these "market decision
makers" rebuts any assumption that the Karan Defendants intended
to cause, or disregarded a substantial probability of causing,

42

the Plaintiff severe emotional distress.  See Howell, 81 N.Y.2d
at 121.   Furthermore, the Complaint fails to allege conduct that
was "so outrageous in character, and so extreme in degree, as to
beyond all possible bounds of decency and to be regarded as
atrocious, and utterly intolerable in a civilized community."
Murphy, 58 N.Y.2d at 303.

The conclusory allegations of the Twelfth and
Thirteenth Causes of Action fail to allege conduct rising to the
level necessary to establish emotional distress.  The motion to
dismiss these causes is granted.

**The Basis For Punitive Damages Has Not Been Adequately Alleged**

The Plaintiff has not disputed the Defendants'
contention that her request for attorney's fees and costs is
inappropriate.  With respect to her request for punitive
damages, the Plaintiff has argued that because punitive damages
may be awarded in an action to recover damages for assault or
battery, then the finder of fact should be allowed to determine
if punitive damages are warranted in this case.  Pl. Opp. at 26.
However, the causes of action for assault and battery are
dismissed.  In addition, the Complaint fails to allege actions
that were so "intentional, malicious, outrageous, or otherwise

43

aggravated beyond mere negligence" so as to support an award of punitive damages.  McDougald v. Garber, 73 N.Y.2d 246, 254, 538 N.Y.S.2d 937 (1989).

## Conclusion

Based on the conclusions set forth above, the Complaint is dismissed.  While Plaintiff may have a valid claim concerning the services she received from Robbins, at this time the Complaint fails to allege the necessary facts to establish a viable cause of action.  Leave to replead within twenty days is granted.[3]

It is so ordered.

New York, NY
November /8, 2011

_____
ROBERT W. SWEET
U.S.D.J.

---

[3]    In a filing dated July 28, 2011, Plaintiff requested at least 60 additional days to find counsel and prepare an amended complaint.  To date, Plaintiff has filed no motion to amend. The Court's grant of leave to replead within twenty days permits the Plaintiff the opportunity to submit a revised complaint.